**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

KEVIN MAURICE LAWSON, *
*
v. *
*
UNITED STATES OF AMERICA *
*
***

Civil Action No. 16-1862-PX
Criminal Action No. 03-cr-488-PX

# MEMORANDUM ORDER

Kevin Maurice Lawson has moved to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. ECF No. 38. No hearing is necessary. *See* D. Md. Loc. R. 105.6. *See, e.g.*, *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). For the following reasons, the motion is denied.

On May 20, 2004, Lawson was sentenced to 262 months imprisonment pursuant to the career offender provision of the then-mandatory United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). ECF No. 38. The sentencing Court, relying on the findings of the Pre-Sentence Report, concluded that Lawson's offense of conviction qualified as a "crime of violence" and that he had at least two qualifying prior convictions that supported the career offender sentencing enhancements. *Id.*

On June 4, 2016, Lawson, with the assistance of the Office of the Federal Public Defender,[1] filed his motion under 28 U.S.C. § 2255. In it, he contends that the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015) – which held the Armed Career Criminal Act's violent felony definition at 18 U.S.C. § 924(e)(2)(B)(ii) to be unconstitutionally vague – compels an identical outcome in this case. This Court deferred

[1] Counsel has since moved to withdraw from representation, ECF No. 41, which this Court grants.

ruling on Lawson's § 2255 motion in light of pending cases before the Fourth Circuit.

The Fourth Circuit has since spoken. In *United States v. Brown,* 868 F.3d 297, 300 (4th Cir. 2017), the Court denied § 2255 relief to a similarly situated movant, concluding that the motion is time-barred pursuant to 28 U.S.C. § 2255(f)(3) (permitting a § 2255 motion relying on a right newly recognized by the Supreme Court filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court."). The *Brown* Court specifically determined that *Johnson* had not recognized extending the void-for-vagueness determination to mandatory Guidelines. *Id.* Accordingly, the Fourth Circuit held that the defendant had "raise[d] an untimely motion in light of § 2255(f)(3)'s plain language, the narrow nature of *Johnson*'s binding holding," and because the Supreme Court subsequently left open whether mandatory guidelines may be voided for vagueness under *Johnson*. *See Brown*, 868 F.3d at 303 (considering *Beckles v. United States,* 580 U.S. 256, 257 (2017) ("This Court holds only that the [advisory] Sentencing Guidelines are not subject to a challenge under the void-for-vagueness doctrine.")). *See also United States v. Rumph,* 824 F. App'x 165, 168 (4th Cir. 2020) (denying § 2255 as untimely because the asserted right remains "an open question as a matter of Supreme Court precedent") (internal citation omitted). *United States v. Littlejohn*, No. 19-6089, 2023 WL 1859911 at *2 (4th Cir. Feb. 9, 2023) (reaffirming "*Brown's* rule" survives as articulated in *Rumph*). For the same reasons, Lawson's motion must be denied as untimely under § 2255(f)(3).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant satisfies this standard by

demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); Lawson does not satisfy this standard, but Lawson is free to seek such a certificate from the Fourth Circuit.

Accordingly, based on the foregoing and on this 28th day of October 2026, the United States District Court for the District of Maryland hereby ORDERS that:

1. Kevin Maurice Lawson's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 38) is DENIED;
2. A certificate of appealability shall not issue.
3. The Motion to Withdraw filed by Petitioner's Attorney (ECF No. 41) is GRANTED;
4. The Clerk is DIRECTED to TRANSMIT copies of this Memorandum Order to the parties; and
5. CLOSE this case and Civ. Case No. 16-1862-PX.

10/28/26
Date

/s/
Paula Xinis
United States District Judge